UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:23-cv-00875-SSS-SHKx | Date | July 14, 2023 |
|---|---|---|---|
| Title | *Vanessa Amaya v. Nissan North America, Inc.* | | |

| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |
|---|---|

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** ORDER DENYING PLAINTIFF'S MOTION FOR REMAND [Dkt. 11].

The Court is in receipt of Plaintiff Vanessa Amaya's motion for remand. [Dkt. 11]. The motion is fully briefed and was noticed for a hearing on July 21, 2023. The motion is **DENIED**. The hearing on this motion is **VACATED**. The Court has reviewed the parties' Rule 26(f) report and will soon issue a scheduling order in this matter.

Plaintiff filed this action in Riverside Superior Court on March 29, 2023. Defendant Nissan North America, Inc. filed its notice of removal to federal court on May 12, 2023. [Notice of Removal ("NOR") (Dkt. 1)], alleging federal jurisdiction under 28 U.S.C. § 1332(a); *see also* 28 U.S.C. 1441(a).

Plaintiff was served with Defendant's notice of removal on May 16, 2023. [Dkt. 8]. Plaintiff filed her motion for remand on June 15, 2023. [Dkt. 11]. She argues that remand is required because Defendant failed to remove the action within the 30-day window prescribed by 28 U.S.C §1446. [*See* Mot. at 6-10].

The Court cannot entertain Plaintiff's objections to Defendant's untimely removal because Plaintiff's motion to remand is itself untimely. Under 28 U.S.C.

§ 1447(c), "[a] motion to remand [a] case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal[.]" 28 U.S.C. § 1447(c) (2006); *see In re Edward Jones Holders Litig.*, 453 F. Supp. 2d 1210, 1213 (C.D. Cal. 2006), citing *N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir.1995) ("[T]he district court had no authority to remand the case to the state court on the basis of a defect in removal procedure raised for the first time more than 30 days after the filing of the notice of removal.").

Importantly, "28 U.S.C. § 1447(c) does not start the 30-day clock running from the date of *service*" of the notice of removal upon the plaintiff. *Newport v. Dell Inc.*, No. 08-096, 2008 WL 2705364 at *3 (D. Ariz. July 2, 2008) (emphasis added). Rather, the 30-day window is calculated "from the date that the notice of removal is *filed*." *Id.* (emphasis in original); *see also In re Jones Litig.*, 453 F. Supp. 2d at 1213 (same); *Kamm v. ITEX Corp.*, No. 06-943, 2007 WL 9719064 at *2 (D. Or. Jan. 19, 2007), *aff'd*, 568 F.3d 752 (9th Cir. 2009) (collecting cases).

Plaintiff's motion for remand does not raise any potential defect in the Court's subject matter jurisdiction. Because her arguments for remand are exclusively procedural, they are forfeited if not timely raised. *Corona-Contreras v. Gruel*, 857 F.3d 1025, 1029-30 (9th Cir. 2017). Moreover, a federal court lacks the authority to remand a case on procedural grounds *sua sponte*; remand on non-jurisdictional grounds may be granted only pursuant to a properly filed motion. *See Id.*[1]

Here, Plaintiff filed her motion for remand thirty-four days after Defendant filed its notice of removal. (That her motion was filed within thirty days from the time she was *served* with the notice is irrelevant, for the reasons already provided above.)

---

[1] The Court recognizes that it must independently confirm that it enjoys subject matter jurisdiction over a removed case, whether or not the parties themselves raise the issue. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 415 (9th Cir. 2018). Here, the complete diversity and amount-in-controversy requirements are plainly satisfied. *See* NOR at ¶¶ 13-16 (Plaintiff is a California citizen, while Defendant is a citizen of Delaware and Tennessee); *see Rodriguez v. Ford Motor Company*, No. 5:22-cv-01056-SSS-MAA, Dkt. 18 (C.D. Cal. Sept. 30, 2022) (denying motion to remand Beverly-Song Act claims comparable to those pled in this case). As such, the Court determines that subject matter jurisdiction is proper, and finds no basis for remand *sua sponte* at this time.

Because Plaintiff did not seek to return her case to state court within the time frame established by the federal removal statute, her motion is **DENIED**.

**IT IS SO ORDERED.**